UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUX SABLE LIQUID PRODUCTS LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 1227 |
| | ) | |
| KENNETH MURPHY, MONEE TOWNSHIP | ) | |
| HIGHWAY DEPARTMENT and MONEE | ) | |
| TOWNSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants Kenneth Murphy, Monee

Township Highway Department, and Monee Township (collectively, "Monee")'s

motion pursuant to Fed. R. Civ. P. 59 for amendment of judgment entered December

20, 2006. For the following reasons, Monee's motion is denied.

## BACKGROUND

We briefly summarize the facts presented to this Court on cross-motions for

summary judgment, as a full discussion of the facts are contained in our prior opinion

in this matter. *See Aux Sable Liquid Products LP v. Murphy,* 2006 WL 3754825 (N.D.

Ill. Dec. 20, 2006). Plaintiff Aux Sable Liquid Products LP ("Aux Sable") is the

beneficial owner of a propane loading facility (the "Terminal") located at the

intersection of Steger Road and Ridgeland Avenue in Monee Township, Illinois. The Terminal is located less than five miles from the Manhattan-Monee Road interchange and the Sauk Trail Road interchanges with I-57, a federal interstate highway and Illinois Class I Truck Route. Since the time the Terminal was constructed, fully loaded trucks have traveled along Ridgeland Avenue to access I-57 via the Manhattan-Monee Road interchange. The only other route to I-57 from the Terminal requires trucks to use Steger Road in Cook County to access I-57 via the Sauk Trail Road interchange. The parties stipulated that Cook County highway authorities will not permit Aux Sable's fully loaded trucks to use Steger Road. In February 2006, Kenneth Murphy, the Monee Township Highway Commissioner, posted signs on Ridgeland Avenue prohibiting truck traffic over 14 tons (28,000 pounds) from using Ridgeland Avenue. Fully loaded trucks accessing the Terminal weigh up to 80,000 pounds.

Aux Sable filed a motion for a temporary restraining order against the new Monee weight ordinance in the Circuit Court of Will County, which Monee removed to federal court. This Court granted Aux Sable's motion for a preliminary injunction enjoining Monee from prohibiting its trucks from traveling on Ridgeland Avenue. The parties filed cross-motions for summary judgment, and on December 20, 2006, this Court granted Aux Sable's motion for summary judgment and entered a permanent injunction prohibiting Monee from preventing travel by Aux Sable's trucks on Ridgeland Avenue between the Terminal and I-57.

Within the time permitted by Rule 59, Monee brought the instant motion, contending that our ruling makes parts of the Illinois statute governing truck weights unconstitutional, and as such, the State of Illinois both is a necessary party under Fed. R. Civ. P. 19 and should be permitted to intervene under 28 U.S.C. § 2403 and Fed. R. Civ. P. 5.1[1], which requires notification and permissive intervention of a state attorney general whenever the constitutionality of a state statute affecting the public interest is drawn into question in a proceeding in federal court. Monee requests that we vacate our December 20 ruling, notify the Illinois Attorney General, and order that the appropriate state agency be made a party to this action.

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) motions to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). However, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th

---

[1] As of December 1, 2006, Fed. R. Civ. P. 24(c), upon which Monee relies, was replaced by Fed. R. Civ. P. 5.1. This change does not materially alter our discussion of whether notification pursuant to the rule was necessary, but we note the change for the record.

Cir. 1999) (*quoting Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). With these principles in mind, we turn to the merits of Monee's motion.

## DISCUSSION

At issue in this case was whether or not Monee's ordinance, by prohibiting travel by Aux Sable's trucks on Ridgeland Avenue between I-57 and the Terminal, violated the 1982 Surface Transportation Assistance Act ("STAA") as codified in part at 49 U.S.C. § 31114. The STAA provides, in relevant part, that "a State may not enact or enforce a law denying to a commercial motor vehicle...reasonable access between: (1) the Dwight D. Eisenhower System of Interstate and Defense Highways...and (2) terminals, facilities for food, fuel, repairs, and rest, and points of loading and unloading..." 49 U.S.C. § 31114(a).

In our opinion granting summary judgment, we held that the Monee ordinance was preempted under "conflict preemption" principles, because it stood "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting the STAA. *See Sprietsma v. Mercury Marine*, 537 U.S. 51, 64 (2002). Although Monee claimed that its ordinance did not deny reasonable access because trucks could access I-57 by traveling through Cook County, the parties agreed that Cook County had never permitted trucks weighing up to 80,000 pounds to travel on its roads. We refused to consider Cook County's refusal to permit travel by trucks weighing in excess of 73,820 pounds on its roads because neither Cook County nor the

basis for its restriction were before the Court. We explained that Monee's ordinance did not in and of itself deny the reasonable access required by the STAA. Instead, as applied, it operated to deny reasonable access because it closed off Aux Sable's last reasonably available route between its Terminal and I-57.

In its motion to reconsider, Monee points out that Cook County's refusal to permit truck traffic by trucks weighing 80,000 pounds was based upon the Illinois Vehicle Code, 625 ILCS 5/15-111(b), which sets 73,280 pounds as the "default" maximum weight for trucks traveling on nondesignated highways. As Cook County's refusal to allow access on its roads contributed to our conclusion that Monee's ordinance operated to deny reasonable access, Monee argues that our decision also implicitly invalidates § 5/15-111(b) of the Illinois Vehicle Code. Monee describes our holding as follows: "that the access available to Plaintiff here under state law was not reasonable, and thus, violative of the STAA" such that "the result is the ruling that the state law is unconstitutional under the Supremacy Clause."

Monee has overstated the breadth of our decision. We held only that Monee's ordinance directly conflicted with the STAA. We did not rule on the "access available...under state law." The question of whether Cook County's refusal to permit truck traffic in excess of 73,280 pounds or whether the Illinois Vehicle Code conflicted with the STAA was simply not presented by the facts of the case in front of us. Cook County's refusal to permit truck traffic on its roads was important to our decision only

in that it meant that when Monee chose to restrict traffic on Ridgeland Avenue, Aux Sable was denied "reasonable access" as required by the STAA. The parties did not challenge Cook County's refusal or state law. Instead, the only issue they raised was the validity of Monee's ordinance, which set a weight limit of 14 tons (28,000 pounds) on Ridgeland Avenue. This weight limit is below the "default" weight limits set by Illinois statute, 625 ILCS 5/15-111(b).

Further, the basis for our holding was not that the express preemption provision of the STAA invalidated the Monee ordinance. Instead, we held that the Monee ordinance directly conflicted with federal law. Illinois law does not define the sum total of Monee's obligations with respect to federal law, because it grants Monee discretion to allow weight limits up to 80,000 pounds on nondesignated highways. While 625 ILCS 5/15-111(b) establishes a "default" maximum weight of 73,820 pounds for vehicles traveling on nondesignated highways, both 625 ILCS 5/15-111(f) and 625 ILCS 5/1-126.1(d) permit local authorities to allow weight limits greater than 73,820 pounds on roads within their jurisdiction. Monee has chosen to exercise the discretion granted to it by the State of Illinois in a manner that is inconsistent with the STAA. This choice does not mean that the Illinois statute authorizing the use of discretion is invalid. There are any number of ordinances that Monee could pass that would be permissible under state law but might directly conflict with federal law. A conflict between such an ordinance and federal law does not necessarily implicate the

constitutionality of the state statute granting Monee power to enact certain ordinances. For the reasons discussed above, the issues in this case did not require notification pursuant to Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403.

Finally, we find that the State of Illinois is not a necessary party under Fed. R. Civ. P. 19 such that we must join them in this proceeding. Under Fed. R. Civ. P. 19(a), a party over whom the court has jurisdiction shall be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). The State of Illinois is not a necessary party to this litigation, as complete relief can be accorded to Aux Sable without implicating the state's regulatory scheme, or requiring action on the part of state officers or payment from the state treasury. *See Robertson v. Jackson,* 972 F.2d 529, 536 (4th Cir. 1992) (where involvement of state agencies and officers not necessary to effectuate relief and ensure compliance with federal regulations, state agency was not a necessary party under Rule 19).

We cannot pronounce upon legal issues, factual disputes, and the rights of parties not before the Court. The propriety of Illinois' system of regulating truck weights was not an issue presented to us nor was a discussion of that system necessary for our decision. Complete relief can be afforded without the participation of Cook County or the State of Illinois. Monee's failure to implead these parties does not invalidate our judgment in this matter.

## CONCLUSION

For the foregoing reasons, Monee's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is denied.

Charles P. Kocoras

_____
Charles P. Kocoras
United States District Judge

Dated:    January 24, 2007